IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| | § | CASE NUMBER 9:13-CR-00008-RC |
| v. | § § § § | |
| ANTHONY GENE CHUMBLEY (5) | § § | |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On April 26, 2017, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Anthony Gene Chumbley. The government was represented by Mary Ann Cozby, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Public Defender Ken Hawk.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class A felony. The offense carried a statutory maximum imprisonment term of Life. The United States Sentencing Guideline range, based on a total offense level of 30 and a criminal history category of IV, was 180 months. On May 5, 2014, District Judge Ron Clark sentenced Defendant to 16 months of imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include that Defendant provide the probation officer with access to any requested financial information for the purposes of monitoring the defendant's sources of income. On July 21, 2015, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to refrain from excessive use of alcohol and from purchasing, possessing, using, distributing, or administering any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. In its petition, the government alleges that Defendant violated this condition of supervised release by submitting urine samples on February 16, February 23, March 1, March 9, and March 20, 2017 that tested positive for marijuana.

Based on Fifth Circuit case law, the Court can find that illicit drug use constitutes possession. If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by using marijuana, and thus possessing marijuana, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.3(a)(2). Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the Guideline Imprisonment Range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts alleged above. In exchange, the government agreed to recommend a sentence of 6 months with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Anthony Gene Chumbley be committed to the custody of the Bureau of Prisons for a term of imprisonment of 6 months with no supervised release to follow. The Court **FURTHER RECOMMENDS** that the place of confinement be Texarkana in order to facilitate family visitation.

**So ORDERED and SIGNED this 26th day of April, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE